IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JAMILLAH NADERAH GRIFFIN,** | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | |
| v. | : | No. 17-5378 |
| | : | |
| **PIEDMONT AIRLINES, <u>et al.</u>,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

**AND NOW,** this 30th day of May, 2018, upon consideration of "Defendants' Motion for Partial Dismissal of Plaintiff's Complaint" (Doc. No. 5),[1] I find as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Pro se Plaintiff, Jamillah Naderah Griffin, filed this lawsuit on November 30, 2017, following her receipt of a "Dismissal and Notice of Rights" letter ("right-to-sue letter") from the Equal Employment Opportunity Commission ("EEOC"). Plaintiff sued her former employer Piedmont Airlines ("Piedmont") and Glenda Rivera, a station manager at Piedmont. (Compl. at 1; <u>id.</u>, Ex. 1 at 1.)

2. Plaintiff's Complaint alleges the following:[2]

    - Plaintiff, an employee of Piedmont, filed an earlier EEOC complaint against the company for failing to accommodate her religious beliefs. (Compl. at pp. 2-3.)

---

[1] I issued three Orders directing Plaintiff to respond to Defendants' Motion (Doc. Nos. 6, 9, & 12), but Plaintiff has not filed a response.

[2] When deciding a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must assume the veracity of all well-pleaded facts found in the complaint. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). I assume that all the facts found in the Complaint are true.

1

- During a grievance hearing, station manager Glenda Rivera told Plaintiff that she would block Plaintiff's attempt for reinstatement if Plaintiff did not immediately return Ms. Rivera's phone calls. (Id. at 3.)

- Later, Plaintiff scheduled and then attended an appointment with Piedmont's scheduling department. During the appointment, Ms. Rivera directed another employee to confiscate Plaintiff's badge, purportedly because Plaintiff did not respond to Ms. Rivera's calls. (Id. at 3-4.)

- Ms. Rivera's actions were retaliation for Plaintiff's previous EEOC complaint. (Id. at 3.)

- Plaintiff also alleges, by checking corresponding boxes of the Complaint, that Piedmont failed to accommodate Plaintiff's religion, failed to stop harassment, imposed unequal conditions of employment, and discriminated against her on the basis of her race, color, national origin, religion, and age. (Id. at 2-3.)

3. Plaintiff brings claims against Piedmont and Ms. Rivera under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (the "ADEA").[3]

4. Defendants filed a partial Motion to Dismiss, seeking dismissal of all but the retaliation claim against Piedmont, and all Title VII and ADEA claims against Ms. Rivera. For the following reasons, I will grant the Motion, but give Plaintiff leave to amend her Complaint.

**LEGAL STANDARD**

5. To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." Id. To

---

[3] Plaintiff also checked, and then crossed out, a box in her Complaint corresponding to the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. § 951 et seq.

determine the sufficiency of a complaint under Twombly and Iqbal, a court must take the following three steps: (1) the court must "take note of the elements a plaintiff must plead to state a claim;" (2) the court should identify the allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth;" and (3) "where there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (alterations and citations omitted).

6. A pro se litigant's complaint is to be held to less stringent standards than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). While a pro se plaintiff cannot be held to as high a pleading standard as other litigants, a court cannot infer facts central to the plaintiff's claims that are not stated in the complaint or other documents before the court. See, e.g., Hamilton v. Jamieson, 355 F. Supp. 290, 298 (E.D. Pa. 1973).

**DISCUSSION**

Direct Discrimination Claims as to Piedmont

7. Defendants ask that Plaintiff's direct discrimination claims against Piedmont—failure to accommodate Plaintiff's religion, failure to stop harassment, and age, religion, race, color, and national origin discrimination—be dismissed for failure to state a claim.[4]

---

[4] Defendants also argue that these claims should be dismissed with prejudice for Plaintiff's failure to exhaust them in her latest EEOC complaint or for failure to meet the ninety-day deadline following an earlier right-to-sue letter. The determination of whether a claim falls within the scope of an EEOC complaint is made by comparing the underlying facts rather than the asserted legal theories. Bernstein v. Nat'l Liberty Int'l Corp., 407 F. Supp. 709, 712-13 (E.D. Pa. 1976). Because Plaintiff does not allege the facts that underlie her direct discrimination claims, I cannot determine whether they are exhausted or time-barred. I therefore defer this question until and unless Plaintiff amends her Complaint to give the factual bases for these claims.

8. A claim under Title VII for failure to accommodate an employee's religious beliefs requires the employee to show that: "(1) she holds a sincere religious belief that conflicts with a job requirement; (2) she informed her employer of the conflict; and (3) she was disciplined for failing to comply with the conflicting requirement." Webb v. City of Philadelphia, 562 F.3d 256, 259 (3d Cir. 2009). The Complaint states that Plaintiff is a Jehovah's Witness, but does not state that her beliefs conflicted with her job or, if there was a conflict, how Piedmont failed to accommodate it. (Compl. at p. 3.) The Complaint therefore does not state a claim for failing to accommodate Plaintiff's religious beliefs.

9. To make out a claim under Title VII for a hostile work environment, a plaintiff must show that: (1) she suffered intentional discrimination based on her membership in a protected class; (2) the discrimination was pervasive and regular; (3) it detrimentally affected her; (4) it would have detrimentally affected a reasonable person of the same protected class in her position; and (5) there is a basis for vicarious liability. Caver v. City of Trenton, 420 F.3d 243, 262 (3d Cir. 2005).[5] Plaintiff's Complaint does not allege pervasive or regular harassment targeted at her religion, race, color, or national origin. Although Plaintiff did check a box next to "[f]ailure to stop harassment," this statement would need supporting facts to put Defendants on notice of what harassment occurred and how Piedmont failed to intervene. (Compl. at p. 3.) See Liberty & Prosperity 1776, Inc. v. Corzine, 720 F. Supp. 2d 622, 627 (D.N.J. 2010) ("A [c]omplaint may fail to state a claim . . . because the facts alleged do not give the defendants sufficient notice of the

---

[5] The Third Circuit has not decided whether it is possible to bring a hostile work environment claim under the ADEA, but, if it is, it is governed by the same standard. Johnson v. Philadelphia Hous. Auth., 218 F. Supp. 3d 424, 438 (E.D. Pa. 2016).

factual basis for the claim."). Plaintiff's Complaint therefore does not state a claim under Title VII for a hostile work environment.

10. A claim for discrimination based on disparate treatment under Title VII or the ADEA requires the plaintiff to show that: (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances that could give rise to an inference of intentional discrimination. Drummer v. Trs. of the Univ. of Pa., 286 F. Supp. 3d 674, 681 (E.D. Pa. 2017) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). The fourth element requires either an allegation that employees who were not in the protected class were treated more favorably or that the facts otherwise show a connection between the adverse treatment and the plaintiff's protected class. Id. Although Plaintiff has alleged that she is a member of several protected classes and that she was terminated from her job, her Complaint does not explain the connection between the two. (Compl. at p. 3.) Plaintiff's Complaint therefore does not state a claim for discrimination based on disparate treatment under Title VII or the ADEA.

Individual Liability as to Ms. Rivera

11. Defendants also ask that all Title VII and ADEA claims be dismissed as to Ms. Rivera because the statutes do not provide for individual liability.

12. "[I]ndividual employees cannot be held liable under Title VII." Sheridan v. E.I. Dupont de Nemours & Co., 100 F.3d 1061, 1077 (3d Cir. 1996); Barron v. St. Joseph's Univ., No. 2:01-cv-03063, 2002 WL 32345690, at *4 (E.D. Pa. 2002) ("Individual employees, whether supervisors or not, cannot be liable under Title VII."). Likewise, "the ADEA precludes personal capacity suits against individuals." Horvath v. Rimtec Corp., 102 F.

Supp. 2d 219, 228 (D.N.J. 2000). Ms. Rivera is alleged to have been Plaintiff's supervisor—an employee of Piedmont—and not herself Plaintiff's employer. (Compl. at p. 3.) Therefore, the Complaint does not state a claim against Ms. Rivera under Title VII or the ADEA.

**WHEREFORE**, it is hereby **ORDERED** that:

- Defendants' Motion (Doc. No. 5) is **GRANTED**, such that (1) claims against Piedmont for failure to accommodate Plaintiff's religion, failure to stop harassment, and for age, religion, race, color and national origin discrimination are dismissed **without prejudice**, and (2) claims against Ms. Rivera under Title VII and the ADEA are dismissed **with prejudice**.[6] Plaintiff's retaliation claim against Piedmont, which has not been challenged, is unaffected by this Order.

- As to the dismissed claims against Piedmont, Plaintiff may file an amended complaint within **thirty (30) days** of this Order to attempt to cure, if possible, the deficiencies outlined herein.[7] Failure to file an amended complaint may result in dismissal of those claims with prejudice for failure to prosecute.

---

[6] It is unclear if Plaintiff wishes to plead a claim under the Pennsylvania Human Relations Act, as she has crossed off her selection of that claim on the Complaint. If Plaintiff intends to bring a claim under the Pennsylvania Human Relations Act, she must clearly indicate such in her amended complaint.

[7] After a motion to dismiss has been filed, a district court should inform a pro se plaintiff she has leave to amend her complaint within a set period of time, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). I find that it is conceivable that Plaintiff could allege facts to support the dismissed discrimination claims against Piedmont. It would be futile for Plaintiff to amend her Title VII and ADEA claims against Ms. Rivera as they are precluded by law.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**

_____

**MITCHELL S. GOLDBERG, J.**